IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NFI INTERACTIVE LOGISTICS LLC, d/b/a NATIONAL FREIGHT INDUSTRIES or NFI, | ) ) ) |
| Defendant. | ) ) ) |

JURY TRIAL DEMAND

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant NFI Interactive Logistics, LLC, d/b/a National Freight Industries or NFI ("NFI") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Black employees working at the Bolingbrook facility who were adversely affected by such practices, including without limitation, Fred Akowuah, as well to correct unlawful employment practices on the basis of national origin (Ghanaian) and to provide appropriate relief to Fred Akowuah who was adversely affected by such practices.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of

Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. At all relevant times, Defendant NFI Interactive Logistics, LLC, d/b/a National Freight Industries or NFI ("NFI") has continuously been a corporation doing business in the State of Illinois, County of Cook, and the City of Chicago, Illinois.

7. At all relevant times, Defendant NFI has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant NFI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

9. More than thirty (30) days prior to the institution of this lawsuit, Fred Akowuah

filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant NFI.

10. On March 5, 2013, the EEOC issued a Letter of Determination regarding Charge No. 440-2013-00543 (Akowuah) finding reasonable cause to believe that "a class of individuals, including Charging Party, were discriminated against because of their race, Black, in that they were subjected to harassment, in violation of Title VII" and that "Charging Party (Akowuah) was discriminated against because of his national origin, Ghananian, in that he was subjected to harassment . . . in violation of Title VII." The letter also invited NFI to join with EEOC in "informal methods of conciliation."

11. Between approximately March 19, 2013 and November 19, 2013, conciliation efforts between NFI and EEOC took place.

12. The conciliation efforts that occurred between approximately March 19, 2013 and November 19, 2013 did not result in an agreement acceptable to the EEOC.

13. On November 21, 2013, the EEOC issued a letter regarding Akowuah's Charge stating that EEOC had determined that the conciliation efforts required by law had occurred and were unsuccessful.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. From at least November 2011, to the present, Defendant NFI engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include:

    a. Subjecting Charging Party Fred Akowuah, who worked for Defendant as a Logistics Coordinator, to harassment because of his race (Black) and national origin (Ghanaian.) The harassment included Bolingbrook facility managers regular use of racially derogatory language including referring to Akowuah and other Black employees as "ass monkey," making comments about Blacks swinging through the trees, and using the word "nigger" in the workplace during worktime. Management also described Blacks as "lazy" and "dependent on the government." In the office, where Akowuah worked, employees made fun of Akowuah's formal English associated with his national origin, commented about tribal Africa and imitated his accent. When Akowuah asked management not to call him an "ass monkey" or use racial language in his presence, they chuckled and walked away.

    b. The display of a racial symbol by Senior Operations Manager Jon Ottenwess in the form of a stuffed monkey that at times had a cord or rope tied around its neck or appeared to be hanging and that was called by the name of Fred (commonly understood as a reference to Fred Akowuah.) Charging Party Akowuah witnessed the ongoing display of the monkey, and facility management received complaints about it. Although Ottenwess was told by employees that the monkey was offensive, he refused to take it down until the Defendant's corporate managers finally got involved. Corporate did not discipline Ottenwess or conduct an investigation to ensure that there were no other problems with racial or national origin harassment at the facility.

    c. Like the Charging Party, other Black employees working at the Bolingbrook facility were subject to racial harassment including racially derogatory language and the hostile racial symbol.

    d. Charging Party Akowuah and other Black employees found the use of racial language

4

and the display of a racial symbol and the other harassing conduct to be offensive and unwelcome.

  e.  NFI provided no training for employees or managers at the Bolingbrook facility on their duty to avoid racial or national origin harassment in the workplace.

  16. The result of the practices complained of in paragraph 16 has been to deprive Fred Akowuahand other Black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

  17. The unlawful employment practices complained of above were intentional.

  18. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Fred Akowuah and other Black employees.

## **PRAYER FOR RELIEF**

  WHEREFORE, the Commission requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race or national origin;

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race and national origin, and which eradicate the effects of its unlawful employment practices;

  C. Order Defendant to make whole Fred Akowuah and other Black employees by providing compensation for past and future pecuniary losses resulting from its unlawful

employment practices, including medical expenses, in amounts to be determined at trial;

  D. Order Defendant to make whole Fred Akowuah and other Black employees by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices, including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

  E. Order Defendant to pay Fred Akowuah and other Black employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

  F. Prohibit Defendant from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit.

  G. Grant such further relief as this Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

        Respectfully submitted,

        P. David Lopez
        General Counsel

        James Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Equal Employment Opportunity Commission
        1801 "L" Street, N.W.
        Washington, D.C. 20507


        s/ *John C. Hendrickson*
        John C. Hendrickson
        Regional Attorney

        s/ *Gregory Gochanour*
        Gregory Gochanour
        Supervisory Trial Attorney

        s/*Deborah Hamilton*
        Deborah Hamilton
        Trial Attorney
        A.R.D.C. #6269891
        United States Equal Employment
            Opportunity Commission
        500 W. Madison, Room 2000
        Chicago, IL 60661
        (312) 869-8110
        Deborah.hamilton@eeoc.gov