IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>FRED K. AKOWUAH,<br><br>    Intervening Plaintiff<br>v.<br><br>NFI INTERACTIVE LOGISTICS LLC, d/b/a NATIONAL FREIGHT INDUSTRIES or NFI,<br><br>    Defendant. | Case No. 1:14-cv-07569<br><br>Magistrate Mason |

CONSENT DECREE

THE LITIGATION

1.  Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that since at least November 2011, Defendant NFI Interactive Logistics, LLC, d/b/a National Freight Industries or NFI ("NFI" of "Defendant"), violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by discriminating against Charging Party Fred Akowuah, and other similarly situated Black employees, by subjecting them to and tolerating a hostile working environment on account of their race and/or national origin. The EEOC did not allege retaliation.

2.  Defendant denies all allegations of unlawful conduct.

3..  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally

resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action. Neither party admits to the claims or defenses raised in this case.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable and just. The rights of the parties, the claimants, and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the claimants, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

5. NFI, its officers, agents, employees, successors, and assigns, for its Minooka, Illinois facility (or any successor facility), are enjoined from discriminating on the basis of race; and are enjoined from engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any employee on the basis of race or national origin; and/or creating, facilitating or tolerating the existence of a work environment that is hostile to employees based on race.

6.　Pursuant to terms stated below, EEOC shall monitor Defendant's compliance with the injunction contained in paragraph 5, above. If EEOC finds that NFI has not complied with paragraph 5, it shall notify Defendant in writing of its non-compliance, and Defendant shall have thirty (30) days from such notice to persuade EEOC that it is in compliance or to take steps to come into compliance. If the parties are unable to reach a resolution of any dispute regarding Defendant's compliance with paragraph 5 within thirty (30) days of EEOC notifying Defendant of non-compliance, the matter may be referred to the Court for resolution.

7.　In resolving any dispute with regard to Defendant's compliance with paragraph 5, the Court shall have available to it all equitable remedies which come within the Court's inherent authority.

## NON-RETALIATION

8.　In the event that EEOC believes that Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it, for its Minooka, Illinois facility (or any successor facility) have engaged in retaliation, the EEOC may seek relief under Paragraph 21. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it, for its Minooka, Illinois facility (or any successor facility), shall not engage in any form of retaliation against any person because such person has opposed any practice relating to race discrimination made unlawful under Title VII, filed a Charge of Discrimination under Title VII alleging race or national origin discrimination or retaliation, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII with respect to such a Charge, or asserted any rights under this Decree.

9. If EEOC finds that NFI has not complied with paragraph 8 it shall notify Defendant in writing of its non-compliance, and Defendant shall have thirty (30) days from such notice to persuade EEOC that it is in fact in compliance or to takes steps to come into compliance. If the parties are unable to reach a resolution of any dispute regarding Defendant's compliance with paragraph 8 within thirty (30) days of EEOC notifying Defendant of non-compliance, the matter may be referred to the Court for resolution.

10. In resolving any dispute with regard to Defendant's compliance with paragraph 8, the Court shall have available to it all equitable remedies which come within the Court's inherent authority.

## MONETARY SETTLEMENT

11. Defendant agrees to pay a total of $180,000, in settlement, to the Charging Party and claimants indentified to the Defendant by the EEOC for alleged compensatory damages. Charging Party shall receive $80,000, and the remaining claimants shall share in the additional $100,000 as instructed by the EEOC.

12. All of the money shall be considered compensatory damages, and no payroll withholdings shall be made. Defendant will issue an IRS Form 1099 for the money paid. Within ten (10) business days after receipt by Defendant of the Release Agreement in the form of Exhibit A from the Charging Party or claimant, Defendant shall issue and mail by certified mail to that Charging Party or claimant, a check payable to the individual at the address provided by the EEOC, in settlement for damages alleged in this case by the EEOC, with a copy to the EEOC.

## NOTICE OF CONSENT DECREE

13. Within ten (10) business days after entry of this Decree, NFI shall post a same-sized copy of the Notice attached as Exhibit B to this Decree in a location usually used by NFI for communicating with employees at its distribution facility in Minooka, Illinois (or any successor facility). The Notice shall remain posted for eighteen (18) months from the date of entry of this Decree. NFI shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. NFI shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. NFI shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

14. For a period of eighteen (18) months following entry of this Decree, NFI shall maintain and make available for inspection and copying by the EEOC records (including name, race, sex, social security number, address, telephone number, position) of each person who makes any complaint, whether formally or informally, of racial or national origin discrimination at the Minooka, Illinois facility (or any successor facility); efforts Defendant took to investigate such complaints; actions taken by Defendant in response to such complaints (e.g. whether the investigation found support for the complaint or not, whether discipline was issued as a result of the complaint, etc.).

15. Nothing contained in this Decree shall be construed to limit any obligation NFI may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

16. NFI shall furnish to the EEOC the following written reports every six months for a period of eighteen (18) months following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due seventeen (17) months after entry of the Decree. Each such report shall contain:

   a. A summary of the information recorded by NFI pursuant to Paragraph 14 during the preceding six month period;

   b. A certification by NFI that it has complied with the Notice requirements contained in paragraphs 13.

## TRAINING

17. Defendant shall provide annual training on Title VII's prohibitions on racial and national origin harassment to its human resources professionals and to its supervisors and managers at its Minooka, Illinois facility (or any successor facility). NFI shall first provide training in accordance with this paragraph within ninety (90) calendar days of the entry of this Consent Decree.

18. NFI shall obtain the EEOC's approval of its proposed trainer prior to each set of training sessions. NFI shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s) by written notice to NFI. In the event the EEOC does

not approve NFI's designated trainer(s), NFI shall have fifteen (15) calendar days to identify an alternate trainer. The EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event the EEOC does not approve NFI's alternate trainer, the parties may seek assistance of the Court in selecting a trainer, pursuant to paragraph 21, below.

19. NFI agrees that, prior to each training, it will provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written, visual, audio, and digital materials provided to the participants of the training sessions. Even though the EEOC has approved of a trainer for one training session, it is not required to approve of the same trainer for a subsequent training session.

20. NFI shall certify to the EEOC in writing within five (5) business days after the trainings have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the trainings; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

## DISPUTE RESOLUTION

21. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree other than paragraphs 5 or 8, the complaining party shall notify the other party of the alleged non-compliance in writing within ninety (90) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10)

business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

22. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of eighteen (18) months immediately following entry of the Decree, provided, however, that if, at the end of the eighteen (18) month period, any disputes under Paragraph 21, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter for the sole purpose of enforcement of the Decree) until such time as all such disputes under Paragraph 21, above, have been resolved.

## MISCELLANEOUS PROVISIONS

23. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

24. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant. Defendant will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant, prior to the effectiveness of any such acquisition or merger. In the event that Defendant, is acquired by or merges with another organization, Defendant shall notify EEOC of this fact, in writing, within ten (10) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

25. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: NFI Settlement, Attn. Deborah L. Hamilton, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the

DATE: JUN 0 9 2015                ENTER:            *(signature)*

                                                    The Honorable Michael Mason
                                                    United States Magistrate Judge

## EXHIBIT A

## RELEASE AGREEMENT

I, _____, for and in consideration of my receipt of the settlement sum of $*XX*,000.00, payable to me pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. NFI Distributing Co., Inc.,* Case No. 1:14-cv-07569 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge, Defendant NFI Interactive Logistics, LLC, d/b/a National Freight Industries or NFI ("NFI"), and its parent and affiliate entities, and each of their respective members, shareholders, partners, managers, directors, officers, employees, predecessors and successors, from any and all claims I ever had or now have under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, as a result of or arising from the subject matter and claims which were asserted in *EEOC v. NFI Interactive Logistics, LLC, d/b/a National Freight Industries or NFI,* Case No. 1:14-cv-07569 (N.D. Ill.).

_____        _____
Date                                              [claimant]

## EXHIBIT B

### NOTICE TO ALL NFI EMPLOYEES AT THE MINOOKA, IL FACILITY

This Notice is being posted pursuant to a Consent Decree entered by the federal court in, *EEOC v. NFI Interactive Logistics, LLC, d/b/a National Freight Industries or NFI*, Case No. 1:14-cv-07569 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against NFI Distributing Co., Inc. ("NFI").

In its suit, the EEOC alleged that NFI subjected certain Black employees at a specified facility to a hostile working environment on account of their race and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). NFI denies all allegations of wrongdoing.

To resolve the case, NFI and the EEOC entered in to a Consent Decree which provides, among other things, that:

1) NFI resolved this matter with the complainants;

2) NFI does not and will not tolerate racial or national origin harassment;

3) NFI does not and will not retaliate against an employee complaining of racial or national origin harassment;

3) NFI will make regular reports to EEOC regarding its compliance with the Decree; and,

4) NFI will provide training to its managers and human resources professionals on the requirements of Title VII.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8009. The EEOC has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for eighteen (18) months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: NFI Logistics Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

JUN 0 9 2015

Date

The Honorable Michael Mason, Magistrate Judge

EEOC of notices or materials to NFI, they shall be mailed to: Richard P. McArdle or Erin Dougherty Foley, Seyfarth Shaw LLP, 131 S. Dearborn, Suite 2400, Chicago, IL 60603. With agreement of the parties, submissions may be made by e-mail.

For the EQUAL EMPLOYMENT
EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

David P. Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8104

_____
John C. Hendrickson
Regional Attorney

_____
Gregory M. Gochanour
Supervisory Trial Attorney

_____
Deborah L. Hamilton
Trial Attorney

For FRED K. AKOWUAH

_____
Rashida Mahama
Law Offices of Rashida Mahama
1480 McClure Rd.
Aurora, IL 60505

For NFI Interactive Logistics, LLC d b a
National Freight Industries or NFI ("NFI")

_____
Scott Brucker
Senior Vice President and General Counsel
NFI Industries, Inc
xxxxxxxxxxxxxxxxxxx